NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID S. FRITZ,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1307

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-6047, Judge Scott Laurer.

---

Decided: July 13, 2026

---

DAVID S. FRITZ, Gainesville, TX, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE; RICHARD STEPHEN HUBER, KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mr. David S. Fritz, a veteran of the U.S. Air Force, proceeding pro se, appeals an order from the Court of Appeals for Veterans Claims (Veterans Court) dismissing his claims. *Fritz v. Collins*, No. 25-6047, 2025 WL 3458348, at *1–2 (Vet. App. Dec. 2, 2025) (*Decision*). The Veterans Court determined it lacked jurisdiction over Mr. Fritz's appeal, because an appeal of a fully favorable Board of Veterans' Appeals (Board) decision does not satisfy the "case or controversy" requirement. *Id.* at *1. We determine that the Veterans Court's jurisdictional review was proper and *affirm* the court's dismissal.

## BACKGROUND

On July 1, 2025, the Board granted Mr. Fritz service connection for attention deficit hyperactivity disorder (ADHD), bipolar disorder, and depression. *Id.* at *1. The Board's decision did not include any denials of claims. *See generally* SAppx39–45.[1] On July 22, 2025, Mr. Fritz filed a Notice of Appeal for the Board decision. *Decision*, 2025 WL 3458348, at *1.

The Veterans Court dismissed Mr. Fritz's appeal, noting that its jurisdiction is limited to cases in which there is "a live issue" for the court to review. *Id.* at *1–2. Because the Board decision Mr. Fritz sought to appeal was "fully favorable," there was no "live issue" for the Veterans Court. *Id.* at *1 (citing *Mokal v. Derwinski*, 1 Vet. App. 12, 13 (1990)). The Veterans Court also noted that Mr. Fritz's arguments regarding the effective date of his service connection claims required seeking review within the Department of Veterans Affairs (VA). *Id.*

---

[1] "SAppx" refers to the appendix filed concurrently with the government's informal brief.

Mr. Fritz timely appealed the Veterans Court's decision. *See* ECF No. 1. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

"Our review of decisions by the Veterans Court is limited by statute." *Davis v. Collins*, 176 F.4th 663, 668 (Fed. Cir. 2026) (citation omitted). We may review challenges to the validity or interpretation of any statute or regulation and interpret constitutional and statutory provisions to the extent presented and necessary to a decision. 38 U.S.C. § 7292(c). But, absent a constitutional challenge, we cannot review challenges to the Veterans Court's factual determinations or the application of law to fact. *Id.* § 7292(d)(2). "The scope of the Veterans Court's jurisdiction presents a legal question within our jurisdiction to review." *Davis*, 176 F.4th at 668 (citation omitted).

I

Mr. Fritz argues that the Veterans Court improperly dismissed his four bases for appeal,[2] because he met the requirements for Article III standing. Appellant Br. 1. He also argues the Veterans Court erred in its jurisdictional analysis, because it failed to "review the *entire record*" before the Board. *Id.* at 6. We disagree.

In dismissing Mr. Fritz's appeal, the Veterans Court determined that the appealed Board decision granted Mr. Fritz relief on all issues fairly presented in his appeal:

---

[2] These "four bases" refer to Mr. Fritz's four arguments before the Veterans Court: "I, the validity of the presentation in 2020, II, the [traumatic brain injury] [(TBI)]/headaches issue, III, all other psychiatric issues per Clemons, and IV, effective dates of compensation due to constitutionally insufficient notice." *Decision*, 2025 WL 3458348, at *1 (alterations in original).

"entitlement to service connection for ADHD, bipolar disorder, and depression." *Decision*, 2025 WL 3458348, at \*1. Thus, the decision was not adverse to Mr. Fritz, and his appeal did not meet the Veterans Court's case or controversy requirement. *Id.* The Veterans Court also reviewed each of Mr. Fritz's four bases for appeal, determining that these bases: (i) referenced service connection claims that were addressed in previous, final decisions, (ii) were favorably resolved in the Board decision, or (iii) required review at the regional office level. *Id.*

We agree with the Veterans Court's jurisdictional assessment. Under 38 U.S.C. § 7266(a), "a party must be 'adversely affected' by a decision of the Board in order to appeal to the Court of Veterans Appeals." *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996). The Board decision that Mr. Fritz chose to appeal was "fully favorable" to him. *Decision*, 2025 WL 3458348, at \*1. Mr. Fritz does not dispute this finding.

In the decision, the Board noted that Mr. Fritz had "asserted separate claims seeking compensation for PTSD, [ADHD], depression, bipolar disorder, and residuals of a traumatic brain injury (TBI) including headaches." SAppx 41. But it also noted the PTSD claim had been granted in an October 2022 decision, and Mr. Fritz had failed to appeal a December 2018 denial of service connection for the TBI claim. *Id.* at 42–43. Thus, because the proper scope of Mr. Fritz's appeal was limited to "whether the Veteran was entitled to service connection for depression, bipolar disorder, and ADHD," the Board's decision concerned only these claims. *Id.* at 41.

The Veterans Court's jurisdiction is limited to "the record of proceedings before the Secretary and the Board." 38 U.S.C § 7252(b). Therefore, the only claims over which the Veterans Court could have found jurisdiction were Mr. Fritz's depression, bipolar disorder, and ADHD claims. In its dismissal order, the Veterans Court reviewed and cited the relevant portions of the record before concluding

that there was no case or controversy. *See Decision*, 2025 WL 3458348, at \*1. Accordingly, we agree that the Veterans Court lacks jurisdiction.

## II

Mr. Fritz contends that the Board and VA's failure to review his entire record while adjudicating his TBI claims and "all other psychiatric issues," or provide adequate notice of his TBI decision amount to due process violations. *See* Appellant Br. 3–4, 12–13. We disagree.

With respect to Mr. Fritz's arguments related to his TBI claim, as the Veterans Court correctly noted, the Board ascertained Mr. Fritz's TBI claim was addressed previously in a separate claim stream and, therefore, beyond the scope of his appeal. *See Decision*, 2025 WL 3458348, at \*1. The remainder of Mr. Fritz's due process arguments address psychiatric claims—i.e., his depression, bipolar disorder, and ADHD claims—that were part of his favorable Board decision. *Id.* Given that the Board had granted all requested relief as to those claims, the Veterans Court properly determined that it could not grant any further relief and lacked jurisdiction over an appeal of this favorable decision; thus, it did err in not addressing the due process arguments Mr. Fritz raises here.

## CONCLUSION

We have reviewed the remainder of Mr. Fritz's arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.